467 A.2d 1301

**COMMONWEALTH of Pennsylvania**

**v.**

**James COOPER, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 28, 1983.

Decided Dec. 2, 1983.

John W. Packel, Chief, Appeals Div., Karl Baker, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Steven Cooperstein, Asst. Dist. Atty., Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## ORDER

PER CURIAM:

The record having established that appellant was erroneously informed in the jury-trial-waiver colloquy that in a jury trial the defense would have to convince twelve jurors of appellant's innocence, whereas in a non-jury trial appellant could be acquitted by proving his innocence to a single fact-finder, the trial judge, the order of the Superior Court is vacated. 308 Pa.Super. 607, 454 A.2d 162. The judgments of sentence of the Court of Common Pleas of Philadelphia are vacated, and the record is remanded to the court of common pleas for a new trial.

McDERMOTT, J., files a dissenting opinion.

McDERMOTT, Justice, dissenting.

A defective colloquy for waiver of a jury trial is not a per se warrant for a new trial. A defendant may wish a bench trial, ask for one and proceed, upon receiving an unfavorable result, scan the colloquy for a defect and demand relief from the very procedure he sought. I dissent not only because there is no prophylactic rule mandating a new trial for all defective colloquies, but also because there was no hearing held to determine if there was a non jury strategy employed by appellant. I would at least remand for such a determination, hear from appellant's original trial counsel on what strategies he pursued, advices he gave and what agreements and understanding were had with the appellant.